NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-200

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 528415

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Doe, appeals from a judgment entered in the Superior Court affirming his final classification by the Sex Offender Registry Board (board) as a level three sex offender. He claims that the hearing examiner erred when he considered Doe's repeated sexual offenses in determining his degree of dangerousness.  More specifically, he argues that this analysis, which was made under factor 37 (other information related to the nature of the sexual behavior) was, in effect, an attempt to apply factor 2 (repetitive and compulsive behavior), which the board no longer considers in its classification determinations unless the offender has first been confronted or investigated

between the sexual misconduct.[1]  He further contends that if factor 37 had not been applied, the remaining evidence would not support a level three classification.[2]  We affirm.[3]

Background.  We summarize Doe's predicate sexual offenses, which involved two victims, as follows.  On October 3, 2012, victim one, who was then thirty years old, reported to the police that Doe sexually assaulted her when she was between fourteen and fifteen years old.[4]  Doe lived close by and was thirty-six years old at that time.  Victim one relayed that one

---

[1] See Doe, Sex Offender Registry Bd. No. 22188 vs. Sex Offender Registry Bd., Middlesex Superior Court, Dkt. No. 2081-CV-1130-B, at 6 (Apr. 16, 2021).  The board did not appeal from the court's decision in that case and, as a result, the board no longer considers that portion of factor 2 in its classification determination.

[2] The board asserts that Doe has waived this argument because he failed to raise it in the Superior Court.  See Doe, Sex Offender Registry Bd. No. 3974 v. Sex Offender Registry Bd., 457 Mass. 53, 57-58 (2010).  In addition, the board argues that because Doe failed to provide us with an adequate record, we should not consider the argument.  First, although the board is correct that the argument is waived, we nonetheless have exercised our discretion to address the issue.  Second, we conclude that the record is sufficient for us to conduct a thorough review of Doe's claims.

[3] After oral argument, both parties filed a motion to stay appellate proceedings pending a decision by the Supreme Judicial Court in an unrelated case, wherein similar claims were made about factor 37.  Because we affirm the classification for independent reasons, those motions are denied.

[4] Victim one disclosed Doe's prior sexual assaults after initially reporting to the police that he had attacked her with a knife on the morning of October 3, 2012.

2

evening she, Doe, and Doe's son drank alcohol together until she passed out. The next day, victim one woke up with blood in her genital area and on her legs. She did not report the assault at the time, but she believed she had been raped and confronted Doe about it four months later. Doe responded by attacking her, raping her again, and threatening to kill her and her family if she reported the assaults. After victim one filed a report with the police years later, Doe was charged with various offenses and subsequently convicted in March 2022 of one count of rape and abuse of a child.[5]

In March 2012, victim two, who was fourteen years old at that time and a friend of Doe's daughter, reported that she consumed marijuana and alcohol with Doe while the two were in Doe's car. Victim two, like victim one, reported that she blacked out and when she woke up, she had blood all over her pants. Doe was charged with aggravated rape and procuring alcohol for a minor. However, the charges were nol prossed and consequently Doe was not convicted of any criminal offenses against victim two. Despite the absence of a conviction, the hearing examiner considered Doe's rape of victim two in reaching

---

[5] Victim one also reported that she had become pregnant and believed that Doe was responsible. Doe threatened to kill her when she went to court seeking child support. Ultimately, it was determined that Doe was not related to the child.

his conclusions because victim two's account of the assault was reliable.

In June 2022, the board notified Doe that it recommended that he register as a level three sex offender. Doe requested a hearing, which was held on November 21, 2022. Regarding Doe's risk of reoffending and degree of dangerousness, the hearing examiner found that the following regulatory factors applied, see 803 Code Mass. Regs. § 1.33 (2016): factor 3 (adult offender with a child victim); factor 7 (relationship between offender and victim); factor 9 (alcohol and substance abuse); factors 10 (contact with the criminal justice system) and 11 (violence unrelated to sexual assaults);[6] factor 16 (public place); factor 18 (extravulnerable victim); factor 19 (level of physical contact); factor 22 (number of victims); and factor 38 (victim impact statement). In mitigation, the hearing examiner

---

[6] In addition to the sexual assaults and related offenses described above, Doe's criminal history includes charges for and convictions of: unlawful possession of a firearm, willful malicious injury to property, possession of burglarious tools, breaking and entering into a motor vehicle, larceny of a motor vehicle, assault and battery by means of a dangerous weapon, larceny over $250, larceny from a building, breaking and entering in the nighttime, larceny less than $250, leaving the scene of an accident, operating a vehicle after a revoked license, disturbing the peace, assault and battery on a police officer, disorderly conduct, operating to endanger, operating under the influence of liquor, and being a fugitive from justice. Doe's criminal history also includes various charges and convictions of offenses committed in Rhode Island, including assault, violation of probation, larceny, and domestic felony assault.

4

considered Doe's age (sixty-one) and applied factor 30 (advanced age). He also applied factor 33 (home situation and support systems) and factor 34 (materials submitted by the sex offender regarding stability in the community). As noted, the hearing examiner concluded that Doe posed a high risk of reoffense and degree of dangerousness and that public dissemination of Doe's registry information served a public interest, and he classified Doe as a level three sex offender. Doe sought review of his classification, which was upheld by a judge of the Superior Court.

Discussion. "We review a judge's consideration of an agency decision de novo." Doe, Sex Offender Registry Bd. No. 523391 v. Sex Offender Registry Bd., 95 Mass. App. Ct. 85, 89 (2019) (Doe No. 523391). Our review of the board's decision is limited, and we will not disturb the board's classification unless "we determine that the decision is unsupported by substantial evidence or is arbitrary or capricious, an abuse of discretion, or not in accordance with law." Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 633 (2011). In reviewing the board's decision, "[w]e give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it" (quotation and citation omitted). Doe No. 523391, supra at 88.

5

Doe argues that the hearing examiner improperly found that, under factor 37, his sexual offenses against two different teenage girls increased his level of dangerousness. Factor 37 requires the board to "consider any information that it deems useful in determining risk of reoffense and degree of dangerousness posed by any offender." 803 Code Mass. Regs. § 1.33(37)(a). Here, the hearing examiner properly determined that Doe's separate sex offenses against two victims increased the danger that Doe posed to the public. The evidence supported the hearing examiner's findings that Doe sexually assaulted one teenage girl twice between 1996 and 1997, and then sexually assaulted another teenage girl in 2011. Given these circumstances, there was nothing arbitrary or capricious about concluding that a sex offender, like Doe, who committed multiple sexual offenses over the course of approximately fifteen years, posed more danger to the public than a sex offender who has committed only one offense.

Furthermore, we are not persuaded by Doe's argument that the hearing examiner's consideration of Doe's repeat sex offenses under factor 37 effectively -- and erroneously -- applied factor 2. As previously noted, factor 2 is no longer considered by the board due to the absence of empirical data to support the connection between repetitive and compulsive sexual offenses and the risk of reoffense and level of dangerousness.

6

Here, however, the hearing examiner did not find Doe's conduct to be compulsive.  Rather, the repeat offenses were considered in assessing the potential for future dangerousness.  Such a consideration is supported by the SORB statute itself, which requires the board to consider, "in determining . . . degree of dangerousness, . . . the number, date and nature of prior offenses."  G. L. c. 6, § 178K (1) (b) (iii).

Lastly, we discern no support for Doe's claim that absent the hearing examiner's application of factor 37, the remaining evidence did not support a level three classification.  The hearing examiner relied on several other risk-aggravating factors, all of which were supported by the evidence, in addition to factor 37 to support his decision.  Furthermore, where warranted, the hearing examiner explained the factual basis for the application of each factor.

In sum, contrary to Doe's assertions, his sex offenses, when considered together with his significant criminal history, provide substantial evidence that Doe poses a high risk to reoffend and a high degree of danger to the public such that public dissemination of his registry information is warranted,

and as a result, he was properly classified as a level three sex offender.

Judgment affirmed.

By the Court (Vuono, Brennan & D'Angelo, JJ.[7]),

Clerk

Entered:  April 17, 2025.

---

[7] The panelists are listed in order of seniority.